# IN THE OREGON TAX COURT

Ralph A. and Lucille CASE

*v.*

## DEPARTMENT OF REVENUE

(TC 2551)

Plaintiffs appeared *pro se.*

Ted E. Barbera, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for defendant rendered February 19, 1988.

### CARL N. BYERS, Judge.

Plaintiffs were assessed additional state income tax for 1980 resulting from defendant's disallowance of a bad debt

claim. Plaintiffs timely appealed the notice of assessment and the appeal was heard on July 19, 1984. Defendant's Opinion and Order, issued April 19, 1985, denied relief on the bad debt issue. The standard provision placed at the end of the order read: "If you are dissatisfied with this decision, you may appeal it to the Oregon Tax Court * * * within 60 days of the date of mailing * * *."

At the time of the department hearing, this same issue was pending before the United States Tax Court. Based on the settlement reached in the U. S. Tax Court case, plaintiffs filed an amended 1980 tax return with the Department of Revenue on August 28, 1985, claiming a refund. On May 7, 1986, defendant denied the refund claim and plaintiffs appealed to this court on January 21, 1987.

Plaintiffs claim that during the department hearing in July 1984, the hearing officer indicated that if the federal issue was later determined in plaintiffs' favor, plaintiffs could claim a refund from the Department of Revenue. Plaintiffs' witness, a CPA for 25 years, testified that he did not expect defendant to delay issuance of its Opinion and Order until the U. S. Tax Court made a determination. He stated that plaintiffs did not plan to appeal defendant's order. Although he was aware of the 60-day provision for filing a complaint, he understood that if the U. S. Tax Court held in plaintiffs' favor, Oregon would automatically follow that decision. Plaintiffs intended to file Form 40-X with the state and claim a refund if the federal result was favorable. When asked if his actions would have been different if the hearing officer had said nothing, the witness replied in the negative, apparently because that was his understanding as to the proper procedure to follow. While there is some logic to this position, it is not consistent with the statutes.

The witness testified that he thought he had one year after the federal change in which to file a claim for refund for his client. ORS 314.380(2) provides that if the IRS changes or corrects a taxpayer's federal taxable income reported on a return, which results in a change of net income subject to tax by the state, the taxpayer may file a report within two years and such report will be treated as a timely claim for refund. However, this statute is not applicable where a taxpayer's Oregon income tax liability was earlier called into question

and determined by defendant. In that instance, ORS 305.265(14) provides: "Assessments and billings of taxes shall be final after the expiration of the appeal period * * *." In other words "* * * the refund sections apply only to those cases where no additional assessment has been made on the same issues." *Utgard v. Commission,* 1 OTR 274, 283 (1963).

In the instant case, the department issued a notice of deficiency, a hearing was held and a determination made denying plaintiffs' claim of a business bad debt. The Opinion and Order clearly stated that if plaintiffs were dissatisfied with the decision, they could appeal to the Oregon Tax Court within 60 days. When plaintiffs did not appeal within 60 days, the department's assessment became final and the provisions for claiming a refund under ORS 314.380(2) were not applicable.

The court agrees with defendant that procedures for claiming a refund are separate and distinct from procedures for contesting an assessment.[1]

Plaintiffs' complaint seemed to indicate that their failure to appeal the defendant's order was due to the hearing officer's statement that a refund claim could be filed later. However, the testimony of plaintiffs' witness dispelled any issue of estoppel.[2]

Finally, there is yet another clear and compelling reason why plaintiffs cannot prevail in this case. Plaintiffs, having been denied a refund by defendant in May 1986, waited until January 1987, before appealing defendant's denial to this court. This is contrary to the statutes. Assuming plaintiffs had a good claim of estoppel (which would be the basis for filing a refund claim after the department's Opinion and Order became final), when the defendant denied plaintiffs' refund claim, plaintiffs were then obligated to follow the statutes to preserve that claim. ORS 305.280(1) requires the taxpayer to

---

[1] Having reached this conclusion, the court acknowledges that its unpublished order of remand in *Lane v. Dept. of Rev.,* TC 1919 (1983) was in error.

[2] The number of cases in which taxpayers claim reliance upon the oral representations of a public employee or officer are so numerous that one must conclude that the public servants are making oral statements which are, if not wrong, subject to erroneous interpretation. The court urges public employees to refrain from giving advice outside the scope of their authority. Taxpayers are likewise urged to rely on official written instructions, not oral advice or statements.

appeal the denial of the refund claim to the department within 90 days after becoming aware of the denial. Plaintiffs did not do this, but instead waited eight months and then appealed directly to this court. ORS 305.275(4) provides:

"[N]o person shall appeal to the Oregon Tax Court or other court on any matter arising under the revenue and tax laws administered by the department unless the person first exhausts the administrative remedies provided before the department and the director."

Therefore, defendant's denial of plaintiffs' claim for refund remains a final determination. Costs to defendant.