IN THE OREGON TAX COURT

Hubert C. and Carole J. STOKES
*v.*
DEPARTMENT OF REVENUE
(TC 2679)

Hubert C. Stokes appeared *pro se.*

Bonni C. Canary, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for plaintiffs rendered July 22, 1988.

### CARL N. BYERS, Judge.

Although this case presents a narrow issue, a complete understanding of that issue requires some discussion of the background. Plaintiffs incurred a financial loss in 1981, for which they claimed a deduction on their 1981 Oregon income tax return. A small part of the loss was carried forward and claimed on their 1982 income tax return. The adverse business circumstances giving rise to the loss required Mr. Stokes to seek employment in California.

Defendant audited plaintiffs' 1981 return and questioned the deductibility of the loss. The relevant chronology is as follows:

Plaintiffs' 1981 return showed plaintiffs' address as 2292 Shields, Eugene, Oregon. In response to correspondence from defendant, Carole Stokes wrote a letter to defendant on March 23, 1984, indicating that further questions should be sent to her husband at 8127 Country Vista Lane, Fair Oaks, California. That letter gave Carole's address as 2292 Shields. On June 25, 1984, taxpayers filed their 1982 return with the Shields Street address lined out and the address of 3530 Donald Street written in. On August 29, 1984, defendant sent a letter to taxpayers at the Shields Street address with a copy sent to Hubert at the California address. The letter requested certain documentation which, if not provided, would result in defendant assessing a deficiency. Apparently defendant did not receive the documentation and on October 31, 1984, sent a notice of deficiency for 1981 addressed to taxpayers' California address. Defendant also sent a copy of the notice of deficiency to Carole at the Shields Street address.

On March 21, 1985, defendant sent a notice of deficiency for 1982 to taxpayers at the Donald Street address. This notice was returned to the department marked "Moved Left No Address." On April 16, 1985, defendant sent a notice of assessment for 1981 to the California address and on December 13, 1985, defendant sent a notice of assessment for 1982 to the Donald Street address.

Plaintiffs did not receive the notice of assessment for 1981 until long after the 90-day appeal period had expired. When plaintiffs received the notice of assessment for 1982, and learned of the 1981 assessment, they then appealed both years. Defendant denied plaintiffs' appeal as to 1981 for lack of timeliness.[1]

■ The narrow issue in this case is whether the notice of assessment for 1981 was sent to plaintiffs' "last-known address" as required by ORS 305.265(11). Since that term is not defined by statute, defendant contends that under ORS

---

[1] The parties stipulated that plaintiffs are entitled to a deduction for that part of the loss carried over to 1982.

316.012 this court should look to federal cases in construing similar notice provisions under the federal law.

ORS 316.012 provides in part:

"Any term used in *this chapter* has the same meaning as when used in a comparable context in the laws of the United States relating to federal income taxes, unless a different meaning is clearly required or the term is specifically defined in *this chapter*." (Emphasis supplied.)

It is apparent from the italicized terms that the provision above is limited to ORS chapter 316. The crucial term in this case, "last-known address," does not appear in that chapter but is found in ORS chapter 305. Hence, the statute is not applicable.

■    Even if cases construing similar federal language are used as a guide, they should be applied with caution. The comparable federal notice provision, IRC § 6212, provides for notice by certified or registered mail; Oregon's statute requires only regular mail. Also, the federal provisions are more specific and detailed, providing expressly for separate notices where the parties on a joint return have separate addresses. Treas Reg § 301.6212-1(b)(2). Finally, and perhaps most important, the federal notice of deficiency does not have the same import that Oregon's notice of assessment has.

"A deficiency notice is of import primarily because it is a jurisdictional prerequisite to a taxpayer's suit in the Tax Court for redetermination of his tax liability." *Laing v. United States,* 423 US 161, 165, 96 SC 473, 46 L Ed 2d 416, n 4, (1976) [76-1 US Tax Cas (CCH) ¶ 9164].

"Any injury to plaintiff, therefore, is not irreparable. Plaintiff can sue for a refund to test the validity of the deficiency assessment." *Cartwright v. Com.,* (DC Mont 1986) [86-1 US Tax Cas (CCH) ¶ 9359, at 83,771].

■    Oregon's notice of assessment, on the other hand, may be appealed by the taxpayer only to the Department of Revenue (or to the Small Claims Division of this court). If the taxpayer fails to appeal within the statutory 90 days, the assessment becomes a fixed obligation with no other right of appeal and no right to claim a refund. *Utgard v. Commission,* 1 OTR 274 (1963), and *Case v. Dept. of Rev.,* 11 OTR 1 (1988).

Defendant cites federal cases indicating that: (1) "last-known address" means "that address to which the IRS reasonably believes the taxpayer wishes the notice to be sent" (*Cyclone Drilling, Inc. v. Kelly,* 769 F2d 662 (10th Cir 1985), [85-2 US Tax Cas (CCH) ¶ 9595]); (2) the burden is on the taxpayer to prove that the IRS failed to exercise reasonable diligence (*United States v. Ahrens,* 530 F2d 781, (8th Cir 1976) [76-1 US Tax Cas (CCH) ¶ 9241]); and (3) the question is ultimately one to be resolved on the facts and circumstances of each case (*McPartlin v. Commissioner,* 653 F2d 1185 (7th Cir 1981) [81-2 US Tax Cas (CCH) ¶ 9569]). Defendant fails, however, to acknowledge the point made by several cases that,

> "A taxpayer's last known address is that on his most recent return, unless the taxpayer communicates to the IRS 'clear and concise' notice of a change of address." *US v. Zolla,* 724 F2d 808, 810 (9th Cir (1984) [84-1 US Tax Cas (CCH) ¶ 9175]. See also, *McPartlin v. Commissioner,* 653 F2d 1185, 1189 (7th Cir 1981) [81-2 US Tax Cas (CCH) ¶ 9569]; *Alta Sierra Vista, Inc. v. Commissioner,* 62 TC 367 (1974), *aff'd mem* 538 F2d 334 (9th Cir 1976).

Plaintiffs contend that their last known address furnished to defendant prior to issuance of the notice of assessment for 1981 was the Donald Street address, shown on plaintiffs' 1982 tax return (plaintiffs' most recent return). Defendant's explanation at the trial indicated that because tax returns are separately processed, a new address on a later return will not give defendant notice of a change of address as to the prior year. Such an explanation is not satisfactory. Taxpayers, who are not privy to the particular procedures of the various sections of defendant, may reasonably conclude that putting a new address on a subsequent return has thereby notified defendant of a change in address. Plaintiffs here could reasonably believe that showing the Donald Street address on their 1982 return is adequate to notify defendant of a change of address.

Defendant responds that it did send the notice of deficiency for 1982 to the Donald Street address but that notice was returned undelivered. However, it is clear from the evidence that the reason defendant used the California address on the 1981 assessment was not because the 1982 notice of deficiency was returned, but because the defendant simply uses the same address on the notice of assessment as

was used on the notice of deficiency. Moreover, if defendant believed the Donald Street address was not valid, why did it use that address for the 1982 notice of assessment? Defendant's failure to correlate new information from a taxpayer with other information for that taxpayer already in its system may be explainable, but it does not excuse defendant, which relies on a technical application of the law, from complying with the technical requirements of the law.

Defendant also claims that the letter from Carole Stokes directed it to use the California address. Defendant reads too much into that letter. The letter merely requested that further questions be sent to the California address. There is nothing in the letter to imply that all notices or other correspondence should be sent to that address. In fact, Mrs. Stokes, the author, showed her address continuing at 2292 Shields. A reasonable interpretation of the letter would indicate that taxpayers then had separate addresses. Since the tax return involved was a joint tax return, a reasonable procedure would have been to send notice to the parties at both addresses. More importantly, plaintiffs filed their 1982 return, with the Donald Street address three months *after* defendant received the letter.

Based on the above, the court finds that defendant did not use plaintiffs' "last-known address" in its notice of assessment for 1981. Since defendant has conceded that, except for the lateness of plaintiffs' appeal, they were entitled to a loss deduction for 1981, the assessment should be held void. Judgment will be entered consistent with this opinion. Plaintiffs to recover their costs and disbursements incurred herein.