# IN THE OREGON TAX COURT

Charles T. BOARDMAN
*v.*
DEPARTMENT OF REVENUE
(TC 3040)

Plaintiff appeared *pro se.*

Ted E. Barbera, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for plaintiff rendered June 7, 1991.

**CARL N. BYERS, Judge.**

Plaintiff appeals from an assessment of personal income taxes for the year 1983. Defendant's Opinion and Order No. 89-2306 dismissed plaintiff's appeal on the ground it was untimely. Plaintiff contends the statute of limitations should be tolled.

Plaintiff is engaged in the private practice of law. He did not file income tax returns for the years 1983, 1985 and 1986. Defendant sent a demand letter, dated February 9, 1988, to plaintiff's law office at the Glisan Street address. Defendant received no response and plaintiff testified he was not sure he received the demand. Defendant sent a second demand, dated March 9, 1988, to plaintiff's new Southwest

Broadway address. Plaintiff received that demand. Plaintiff responded by letter dated March 25, 1988. The letter indicated that the information defendant sought was being compiled but it could not be filed within the 30 days as demanded.

Apparently, nothing further happened until August 9, 1988, when defendant sent a "Notice And Demand To File" for each of the three years. These notices were also sent to the Southwest Broadway address. Plaintiff testified he received these notices as a group. Although the demand for each year was on a separate page, plaintiff said he was confused and did not notice the demand for 1983. Nevertheless, no income tax returns were filed.

On March 22, 1989, defendant issued "Notice of Determination and Assessment" for all three years. Those notices were sent to the old Glisan Street address. Plaintiff claims he may not have received them. However, within five days, plaintiff filed his returns for the years 1985 and 1986. Those returns had been prepared by plaintiff's accountant and bore a preparation date of November 15, 1988. No 1983 return was filed. Plaintiff did not file an appeal from the assessment for 1983 until July 1, 1989, after the 90-day appeal period had expired.

Plaintiff did telephone the Department of Revenue and talk to two different agents, in addition to the auditor. He testified he believed the problem had been resolved by telephone. Plaintiff claims "confusion" from communicating with two agents in two different locations. Plaintiff claims he was confused by the notices and demands to file. He believes these two "confusions" justify setting aside the statute of limitations. The court does not agree.

Plaintiff, an attorney, was not a particularly credible witness. Plaintiff claimed he was confused by receiving the notices and demand to file for the three years as a package. Each of the years was on a separate page and the only difference between the pages was the year. The differences should be apparent to a layman and certainly to an attorney.

Plaintiff's responses to questions appeared guarded and lacking in forthright explanations. Plaintiff did not recall receiving the notices of determination and assessment. Yet, within five days, he filed returns for 1985 and 1986. No

explanation was offered with regard to the timing of those actions.

Plaintiff relies on telephone conversations which he claims achieved some vague resolution of the problems. Most of those telephone conversations were after the critical date. None of them resulted in any specific decisions or steps. Such conversations may mislead a lay person into believing all is well, but should not mislead a lawyer. Lawyers know that government does not conduct its business on the basis of telephone conversations that go nowhere.

Having made these observations, the court, nevertheless, finds plaintiff must prevail.[1] ORS 305.265(10) provides in part:

"In the case of a failure to file a report or return on the date prescribed therefor (determined with regard to any extension for filing), the department shall determine the tax according to the best of its information and belief, assess the tax plus appropriate penalty and interest, and give *written notice* of the determination and assessment to the person required to make the filing." (Emphasis added.)

ORS 305.265(11) states:

"Mailing of notice to the person at the person's *last known address* shall constitute the giving of notice as prescribed in this section." (Emphasis added.)

As this court pointed out in *Stokes v. Dept. of Rev.*, 11 OTR 56 (1988), the provisions calling for written notice are technical. They cut out excuses and explanations like a sharp knife. The notice starts the statute of limitations running regardless of whether the taxpayer receives it or is aware of it. If the taxpayer fails to take action within the 90-day appeal period, the assessment becomes final and, thereafter, cannot be questioned.[2]

Since Oregon's statute is technical, it must be followed exactly before the taxpayer is bound by it. A written

---

[1] All plaintiff obtains by this case is an opportunity to show his actual taxable income. ORS 314.410(3).

[2] Under the federal system, notices are sent by certified or registered mail to insure the notice is received by the taxpayer. Even then, if the assessment becomes final the taxpayer can pay the tax and still sue for a refund. *Cartwright v. Commissioner*, 86-1 US Tax Cas (CCH) ¶ 9359, at 83,771 (DC Mont 1986).

notice sent to an address which is not the taxpayer's "last known address" is not the notice required by ORS 305.265(10).

Defendant argues plaintiff probably had actual notice, as evidenced by the filing of his 1985 and 1986 returns within five days after the notices of assessment issued. Defendant assumes actual notice overcomes any deficiencies in compliance with the statute. It is unnecessary to address that issue in this case because defendant failed to prove plaintiff had actual knowledge.

The court finds defendant did not follow ORS 305.265 in issuing the notice of assessment for the 1983 year. Accordingly, defendant's Opinion and Order No. 89-2306 must be set aside. Judgment will be entered accordingly.

Costs to neither party.