IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

CINDY GUA,                              )
                                        )
            Plaintiff,                  )     TC-MD 210392N
                                        )
      v.                                )
                                        )
DEPARTMENT OF REVENUE,                  )
State of Oregon,                        )     **ORDER DENYING PLAINTIFF'S**
                                        )     **MOTION FOR SUMMARY**
            Defendant.                  )     **JUDGMENT**

      This matter came before the court on Plaintiff's Motion for Summary Judgment

(Motion), filed June 10, 2022.  Plaintiff attached Exhibits 1 to 6.  Defendant filed a Response to

Motion for Summary Judgment (Response) and Exhibits A to F on July 11, 2022.[1]

## I.  STATEMENT OF FACTS

      Plaintiff appeals Defendant's personal income tax assessments for tax years 2016 to

2019.  (Am Compl at 1.)  Defendant issued those assessments after Plaintiff failed to file tax

returns in Oregon for years 2016 to 2019.  (*See, e.g.,* Compl at 2.)[2]  Plaintiff claims that

Defendant made arbitrary assessments and failed to establish a factual basis for the amounts due.

(Am Compl at 1.)  To date, Plaintiff has chosen not to file returns or present any documents or

evidence to show the correct assessment amounts.  (*See* Def's Recommendations, May 31,

/ / /

---

[1] Defendant captioned its filing Response to Motion for Summary Judgment but used some language that suggested it sought to file a cross-motion.  (*See, e.g.,* Resp at 1 (requesting "summary judgment on the tax periods for 2016, 2017, 2018, and 2019").)  Defendant also described Plaintiff's arguments as frivolous but did not cite a statute or ask the court to impose a penalty.  (*Id.* at 3.)  Because the merits of the 2016 through 2019 assessments involve questions of fact inappropriate for summary judgment at this stage, the court treats Defendant's response as a request to deny Plaintiff's Motion.

[2] The notice states "You haven't filed a return or told us why you aren't required to file a return as we previously requested."  (Compl at 2.)

2022.)  Instead, Plaintiff argues that the 2016 to 2019 tax year assessments are "erroneous and arbitrary" and, as a matter of law, should not be enforced.  (Ptf's Mot at 1).

On July 13, 2021, Defendant sent "Notice and Demand to File" letters to Plaintiff for tax years 2016 to 2019.  (Ptf's Ex 1.)  On August 4, 2021, Plaintiff requested Defendant provide documents showing Plaintiff was "liable to file a tax return * * *."  (Ptf's Mot at 1, Ex 2.)  Defendant responded on August 20, 2021, stating that pursuant to ORS 316.362, "every resident and non-resident who has income sourced to this state must file a return."  (Ptf's Ex 3.)  Plaintiff was a "registered member of Weedbucks LLC" and was required to file a return.  (*Id*.)  On August 27, 2021, Defendant sent Plaintiff Notices of Assessment for each of the tax years at issue and a Statement of Account listing Plaintiff's total debt as $869,979.87 for those years.  (Ptf's Exs 4, 5.)  Distraint warrants were issued October 29, 2021, for each tax year and Plaintiff filed her Complaint on November 18, 2021, and her Amended Complaint on December 1, 2021.  (*See* Ptf's Ex 6.)

Defendant alleges that Plaintiff "owned and operated licensed Oregon marijuana dispensary(s) through her disregarded entity Weedbucks LLC, [and she] owns and operate[d] licensed Oregon marijuana grow operation(s) through her disregarded entity Weedbucks farms LLC."  (Def's Resp at 2.)  That is based on annual filings with the Oregon Secretary of State, electronically signed by either Plaintiff or the manager Eugene Pringle, which list Plaintiff as a member of Weedbucks LLC and Weedbucks Farm LLC for years 2016 to 2019.  (Def's Exs A, B.)  Plaintiff did not file Oregon income tax returns for those businesses in tax years 2016 to 2019.  (Def's Resp at 2.)  Defendant used the unaudited quarterly marijuana sales tax returns for the dispensary to calculate the assessments at issue.  (Def's Resp at 2, Ex F.)

/ / /

## II. ANALYSIS

The issue is whether the Notices of Assessment for the 2016 through 2019 tax years are invalid because they are "arbitrary and baseless." (Ptf's Mot at 8.)

The court grants a motion for summary judgment if all the documents on file "show that there is no genuine issue as to any material fact and that the moving party is entitled to prevail as a matter of law." Tax Court Rule (TCR) 47.[3] "No genuine issue as to a material fact exists if, based upon the record before the court viewed in a manner most favorable to the adverse party, no objectively reasonable juror could return a verdict for the adverse party * * *." *Id*. Because Plaintiff is the moving party, the court views the facts in a manner most favorable to Defendant.

A.    *Burden of Proof*

Plaintiff argues that Defendant is required to meet a minimum evidentiary burden to establish a connection between Plaintiff and an income-producing activity. (Ptf's Mot at 6.) In support of that argument, she quotes *Weimerskirch v. Comm'r*, 596 F2d 358 (9th Cir 1979), a case in which the taxpayer had filed a tax return. However, the Commissioner of Internal Revenue determined he had failed to report income from heroin sales. *Id*. at 359. The court determined that the commissioner's assessment was not entitled to a presumption of correctness where the commissioner had made "naked assertion[s]" with no supporting evidence whatsoever. *Id*. at 361-62. Plaintiff cites the following language as determinative here: "the Commissioner must offer some substantive evidence showing that the taxpayer received income from the charged activity. * * * Without that evidentiary foundation, minimal though if [*sic*] may be, an assessment may not be supported even where the taxpayer is silent." *Id*. at 360-61.

---

[3] TCR 47 is made applicable by Tax Court Rule – Magistrate Division (TCR-MD) 13 B which provides that "[t]he court may apply TCR 47 to motions for summary judgment, to the extent relevant."

*Weimerskirch* concerns the minimum evidentiary burden placed on the IRS regarding its deficiency notices. Plaintiff claims the same burden is imposed on Defendant. However, Oregon's evidentiary burden is controlled by statute, not federal case law. ORS 305.427[4] states, "In all proceedings before the judge or a magistrate of the tax court * * * [t]he burden of proof shall fall upon the party seeking affirmative relief * * *." In this court, Plaintiff—as the party seeking affirmative relief—bears the burden of proof. She is obligated to show that Defendant's assessments are incorrect. *Id*. At this stage of the proceeding, Defendant is not required to introduce proof to support its assessments:

> "In Oregon the allocation of the burden of proof is by statute, ORS 305.427, and that statutory provision has the same effect as a presumption of correctness. However, unlike federal case law, Oregon's statute does not require that the [D]epartment introduce proof linking some income source to the taxpayer."

*Curtis v. Dept of Rev*, 17 OTR 414, 420 n 3 (2004). Although she identified *Weimerskirch* as "the most instructive case," Plaintiff cited numerous other cases that each involved the IRS[5] and federal tax provisions that do not apply in Oregon. (*See* Ptf's Mot at 6.)

Even though Defendant is not required at this stage of the proceeding to produce evidence of Plaintiff's Oregon-source income, Defendant has produced such evidence. The Secretary of State business registration records show Plaintiff was a member of Weedbucks LLC and Weedbucks Farms LLC for each tax year at issue. The sales reported by Weedbucks for the years at issue support Defendant's conclusion that Plaintiff received Oregon-source income

/ / /

---

[4] References to the Oregon Revised Statutes (ORS) are to the 2020 edition.

[5] All Plaintiff's cited cases involve the IRS, except for one: *Interstate Commerce Comm'n v. Louisville & Nashville R. R. Co.*, 227 US 88, 33 SCt 185 (1913). That case involves an agency with regulatory authority over railroad rates and the evidentiary standard required to find such rates unfair. This case is not illustrative of the standards placed on the IRS or Defendant. Plaintiff cited passages from that case concerning "the right to a full hearing" yet she has filed an appeal in this court and now has an opportunity to present evidence. (Ptf's Mot at 5.)

from those businesses. Thus, Defendant has offered evidence to support the assessments. Plaintiff's argument relies on an inapplicable standard and is unpersuasive.

B.    *Statutory Standard for Notice of Assessment*

ORS 305.265 establishes the requirements Defendant must meet in sending a notice of assessment. In the case of a failure to file, Defendant is required to "determine the tax according to the best of its information and belief, assess the tax plus appropriate penalty and interest, and give written notice of the failure to file the report or return and of the determination and assessment to the person required to make the filing." ORS 305.265(10)(a). "Mailing of notice to the person at the person's last-known address shall constitute the giving of notice as prescribed in this section." ORS 305.265(11). Because Oregon's statute is technical, Defendant must follow it exactly before the taxpayer is bound by it. *Boardman v. Dept. of Rev.*, 12 OTR 44, 46 (1991). Defendant sent notice for each of the tax years at issue. Plaintiff has not alleged that Defendant's notices violated the statutory requirements.

## III.  CONCLUSION

The court concludes that the federal cases Plaintiff identified are inapplicable to Defendant's assessments. Plaintiff bears the burden of proving that the assessments are in error or should be modified. The court previously gave Plaintiff time to send requested documents to Defendant, but she declined to do so. (Journal Entry, Mar 18, 2022; Def's Recommendations, May 31, 2022.) Within 30 days, Plaintiff shall send requested documents to Defendant as agreed upon during the case management conference held March 18, 2022. Now, therefore,

IT IS ORDERED that Plaintiff's motion for Summary Judgment is denied.

IT IS FURTHER ORDERED that, by September 16, 2022, Plaintiff will send requested documents to Defendant. Plaintiff's failure to comply may result in dismissal of this case.

IT IS FURTHER ORDERED that, by October 17, 2022, Defendant will file written

recommendations with the court, copy to Plaintiff.

_____

***This interim order may not be appealed. Any claim of error in regard to this order should be raised in an appeal of the Magistrate's final written decision when all issues have been resolved. ORS 305.501.***

***This document was signed by Presiding Magistrate Boomer and entered on August 17, 2022.***

ORDER DENYING PLAINITFF'S MOTION FOR SUMMARY JUDGMENT
TC-MD 210392N                                                                                    6